1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSHUA HERNANDEZ,

              Petitioner,

      v.

THE PEOPLE OF THE STATE
OF CALIFORNIA,

              Respondent.

) Case  No. 2:20-cv-05930-JLS-JC
)
)
)
) ORDER TO SHOW CAUSE WHY THIS
) ACTION SHOULD NOT BE
) DISMISSED
)
)
)
)
)

## I.     PROCEEDINGS

On June 28, 2020, petitioner Joshua Hernandez, proceeding *pro se*, signed and is deemed to have constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody with attachments ("Petition") pursuant to 28 U.S.C. § 2254, which was formally filed on June 30, 2020.[1]   Construing the Petition liberally, petitioner appears to challenge (1) a 14-year sentence imposed on April 25, 2011 in Los Angeles County Superior Court Case No. BA369107 (the "2011 Case"), claiming that the court deprived petitioner of due process by refusing to strike,  pursuant to California Penal Code section 1385, prior conviction enhancements under California Penal Code sections 667(a)(1) (five years) and

_____

[1]See Houston v. Lack, 487 U.S. 266, 276 (1988).   For ease of reference, the Court herein cites to the Petition by its Page ID numbers in the Court's electronic filing system (CM/ECF).

1  667.5(B) (one year), apparently arising from his 2006 conviction and prison term in
2  Case No. GA965596 (court unknown) ("2006 Case"); and (2) the validity of his
3  guilty plea entered in February 2006 in the 2006 Case, claiming that at the time of
4  such plea, he was not informed of its future consequences.  (Petition at 2, 5, 12-14).
5  Petitioner argues that this Court should order the trial court to strike the
6  enhancements imposed in the 2011 Case pursuant to "SB 1393 and SB 136."
7  (Petition at 12).

8  **II.   PROCEDURAL HISTORY AND BACKGROUND CONCERNING**
9  **THE 2011 CASE**[2]

10      On March 8, 2011, a jury in the 2011 Case convicted petitioner of two counts
11  of first degree residential burglary (respectively, "Count One" and "Count Two").
12  Thereafter, petitioner admitted that he had previously been convicted of burglary, a
13  "serious felony" under state law.  On April 25, 2011, the trial court sentenced
14  petitioner to 14 years in state prison.  See Petition at 2; People v. Hernandez, 2012
15  WL 2855809 (Cal. Ct. App. July 12, 2012).

16      Petitioner appealed, raising sufficiency of the evidence and instructional error
17  claims.  On July 12, 2012, in Case No. B232673, the California Court of Appeal,
18  Second Appellate District ("Court of Appeal") affirmed the conviction on Count
19  One, but reversed the conviction on Count Two.  See People v. Hernandez, 2012
20  WL 2855809 (vacating petitioner's conviction on Count Two).  Because
21  petitioner's convictions on Count One and Count Two had been ordered to run
22  concurrently, this ruling did not impact the sentence.  On September 24, 2012, the

23

24      [2]The procedural history set forth herein is derived from the Petition, the docket and
25  records filed in petitioner's prior federal habeas action (Joshua Hernandez v. K. Holland, CDCA
   Case No. 2:14-cv-7561-JLS-PJW ("Prior Federal Action")), and the dockets of the the Los
26  Angeles County Superior Court (available online at www.lacourt.org) and the California Court
   of Appeal and California Supreme Court (available online at https://appellatecases.courtinfo.
27  ca.gov), of which Court takes judicial notice.  See Fed. R. Evid. 201; Harris v. County of
   Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed
28  matters of public record including documents on file in federal or state courts).

Los Angeles County Superior Court filed an amended Abstract of Judgment consistent with the Court of Appeal's reversal of the conviction on Count Two. (Petition at 33-34).  Petitioner did not seek further direct review.  (Petition at 20).

As detailed below, petitioner thereafter filed two rounds of state habeas petitions and in between such rounds, filed one federal habeas petition.

On May 24, 2013, petitioner filed a habeas petition with the Los Angeles County Superior Court in the 2011 Case, which such court denied on March 7, 2014.  On February 21, 2014, petitioner filed a habeas petition in the Court of Appeal (Case No. B254485), which such court denied on March 13, 2014.  On April 28, 2014, petitioner filed a petition in the California Supreme Court (Case No. S218100), which such court denied on July 9, 2014.

On September 29, 2014, petitioner filed a Petition for Writ of Habeas Corpus ("Prior Federal Petition") in the Prior Federal Action claiming (1) petitioner's due process rights were violated when the trial court failed to dismiss a juror whose home was burglarized during the trial, as well as two other jurors whom she had told about the burglary; and (2) petitioner's trial and appellate counsel were ineffective because they failed to challenge the trial court's decision to allow the jurors to remain on the panel.  On October 12, 2016, the assigned magistrate judge issued a Report and Recommendation ("Prior R&R") recommending that judgment be entered denying the Prior Federal Petition on its merits and dismissing the Prior Federal Action with prejudice.  On December 22, 2016, the District Judge accepted the Prior R&R, adjudged that the Prior Federal Petition Report be denied and the Prior Federal Action be dismissed with prejudice, and denied petitioner a certificate of appealability.  Petitioner did not appeal.

On September 3, 2019 and October 24, 2019, petitioner filed state habeas petitions with the Los Angeles County Superior Court in the 2011 Case, raising claims similar to those raised herein, and such court denied such petitions on December 24, 2019.  (Petition at 23-25 (copy of Superior Court minutes denying

3

petitions finding they:  (1) alleged no cognizable habeas claims; (2) failed to allege facts establishing a prima facie case for relief; (3) failed to explain and justify the significant delay in seeking habeas relief; (4) raised issues which could have been raised on appeal but were not; (5) presented claims raised and rejected in a prior habeas petition; and (6) presented claims that had not been presented in a prior habeas petition without establishing an exception to the rule requiring all claims to be raised in one timely filed petition).

On January 16, 2020, petitioner filed a petition in the Court of Appeal (Case No. B303679), which such court denied on January 22, 2020.  (Petition at 27 (Court of Appeal's order denying petition without comment)).  On February 24, 2020, petitioner filed a petition in the California Supreme Court (Case No. S260827), which such court denied on June 10, 2020.  (Petition at 10-21 (petition); Petition at 29 (Supreme Court order denying petition without comment)).

**III.   DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  Based upon the Petition and the federal and California state court records as to which the Court has taken judicial notice, and for the reasons discussed below, the Court orders petitioner to show cause why the Petition/claims therein should not be dismissed.

**A.   The Petition Fails to Name a Proper Respondent**

A petitioner seeking federal habeas relief must name the proper respondent. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  See Ortiz -Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citations omitted).  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the

4

respondent to the petition.  See Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules"); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  The appropriate respondent is petitioner's immediate custodian (i.e., the prison warden at the facility where he is currently housed).  See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004); see also 28 U.S.C. § 2242; Rule 2(a) of the Habeas Rules.

Here, petitioner improperly names the People of the State of California as respondent.  Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir.), cert. denied, 398 U.S. 914 (1970).

**B.     The Petition Is Successive and the Court Lacks Jurisdiction to Consider It to the Extent It Challenges the Sentence/Judgment in the 2011 Case**

As noted above, petitioner filed the Prior Federal Petition challenging the judgment in the 2011 Case and such case was rejected on the merits.  Accordingly the instant Petition – at least to the extent it challenges the sentence/judgment in the 2011 Case [3] – is successive and as explained below, the Court lacks jurisdiction to

---

[3]To the extent the Petition may also challenge the validity of his guilty plea in the 2006 Case, petitioner faces additional hurdles.  For example, it is not clear that petitioner is even still in custody on the 2006 Case – a prerequisite to this Court having subject matter jurisdiction to consider such challenge.  Subject matter jurisdiction under Section 2254 is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); Brock v. Weston, 31 F.3d 887, 889 (9th Cir. 1994).  Thus, federal courts have subject matter jurisdiction to consider habeas petitions by individuals challenging state court criminal judgments only if, *at the time the petition is filed*, the petitioner is "in custody" under the conviction challenged in the petition.  Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam) (emphasis added); Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) ("in custody" requirement is jurisdictional); 28 U.S.C. §§ 2241(c), 2254(a); see also Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001) ("The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'") (quoting 28 U.S.C. § 2254(a)).  Once a petitioner's sentence has

(continued...)

1 consider without authorization from the  United States Court of Appeals for the

2 Ninth Circuit ("Ninth Circuit").[4]

3    Before a habeas petitioner may file a second or successive petition in a

4 district court, he must apply to the appropriate court of appeals for an order

5 authorizing the district court to consider the application.  Burton v. Stewart, 549

6 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)).  This provision

7 "creates a 'gatekeeping' mechanism for the consideration of second or successive

8 applications in district court."  Felker v. Turpin, 518 U.S. 651, 657 (1996); see also

9 Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing

10 applicable procedures in Ninth Circuit).  A district court lacks jurisdiction to

11

12          [3](...continued)

13 fully expired, he is precluded from challenging that conviction because he is no longer "in
custody" for purposes of federal habeas review.  Maleng, 490 U.S. at 492.  The Supreme Court

14 has nonetheless recognized that, in limited circumstances, a state prisoner may challenge expired

15 state convictions through federal habeas corpus when the prior convictions are used to enhance a
current state sentence.  Coss, 532 U.S. at 403-05 (habeas petitioner may challenge prior

16 conviction used to enhance petitioner's current sentence only where:  (1) there was a failure to
appoint counsel in violation of the Sixth Amendment as set forth in Gideon v. Wainwright, 372

17 U.S. 335 (1963), for the underlying conviction; or (2) the petitioner cannot be faulted for failing

18 to obtain a timely review of a constitutional claim, either because a state court, without
justification, refused to rule on a constitutional claim properly presented to it, or because the

19 petitioner uncovered "compelling evidence" of his innocence after the time for review had
expired that could not have been timely discovered).  The Court reasoned that because such a

20 claim could be construed as asserting a challenge to the state sentence the petitioner was then
serving, as it was enhanced by the allegedly invalid prior conviction, he satisfied the "in

21 custody" requirement.  Id. at 401-02; see also Dubrin v. California, 720 F.3d 1095, 1097 (9th

22 Cir. 2013) (quoting Maleng, 490 U.S. at 493) (where habeas petitioner is currently serving a
sentence in a separate case in which his sentence was enhanced based upon an expired

23 conviction whose validity a petitioner challenges, a federal habeas court should liberally
construe pro se petition to challenge the sentence in the current case, as enhanced by the

24 allegedly invalid prior conviction).  Here, even assuming petitioner could meet the Coss criteria,

25 liberally construing petitioner's challenge to the validity of his guilty plea in the 2006 Case as a
challenge to his sentence in the 2011 Case would be unavailing, at least because, as discussed

26 above, it would be successive and the Court would lack jurisdiction to consider it.

27

28          [4]A search of the court's PACER system does not reflect that petitioner has been granted
leave to file a second or successive petition by the Ninth Circuit.

consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals.  Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense.  Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., ///

514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

The Prior Federal Petition in the Prior Federal Action was denied on its merits – not for a technical or procedural reason. Accordingly, the instant federal Petition – at least to the extent it challenges the sentence/judgment in the 2011 Case – is successive. Since petitioner filed the instant federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

### C. The Petition Appears to Be Time-Barred

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs all petitions for writs of habeas corpus filed in federal court after its enactment. Lindh v. Murphy, 521 U.S. 320, 327 (1997). AEDPA instituted a one-year statute of limitations for the filing of habeas petitions by persons in state custody. 28 U.S.C. § 2244(d)(1). The one-year limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review (28 U.S.C. § 2244(d)(1)(A)); (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action (28 U.S.C. § 2244(d)(1)(B)); (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review (28 U.S.C. § 2244(d)(1)(C)); or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)).

In this case, petitioner had at most one year from the date his sentence in the 2011 Case became final to file a federal habeas petition. As detailed above, petitioner directly appealed his conviction in the 2011 Case to the California Court of Appeal in Case No. B232673, which that court affirmed in part and reversed in

part on July 12, 2012.  See People v. Hernandez, 2012 WL 2855809.  As petitioner did not file a petition for review in the California Supreme Court, his conviction became final forty days from the filing of the Court of Appeal's decision. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (in the absence of a petition for review to the California Supreme Court, a judgment becomes final forty days after the California Court of Appeal's affirmance), abrogated on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).  Accordingly, petitioner's conviction became final on August 21, 2012 – the fortieth day after the Court of Appeal's July 12, 2012 opinion.  The statute of limitations commenced to run on August 22, 2012, and absent tolling, expired on August 21, 2013, unless subsections B, C or D of 28 U.S.C. § 2244(d)(1) apply.  See 28 U.S.C. § 2244(d)(1)(A).[5]

Subsection B of 28 U.S.C. § 2244(d)(1) has no application in the present case.  Petitioner does not allege, and this Court finds no indication, that any illegal state action prevented petitioner from filing the present Petition sooner.

Subsection C of 28 U.S.C. § 2244(d)(1) also has no application in the present case.  While petitioner's claims purport to rely on newly enacted California laws, they are not predicated on a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner cites to recent legislation effective as changing the law which he claims renders the Petition timely.  First, petitioner cites Senate Bill 136 (eff. Jan. 1, 2020), which assertedly applies retroactively and amended California Penal Code section 667.5(B) to eliminate the one-year prior prison enhancement except in cases involving offenses not relevant to petitioner.  (Petition at 13-16).  Second, petitioner cites Senate Bill 1393 (eff. Jan. 1, 2019), amending California Penal Code sections 667(a) and 1385(b) to afford trial courts discretion to strike or dismiss prior serious

---

[5]Even giving petitioner additional time to commence the limitations period until after the Superior Court entered the amended Abstract of Judgment on September 24, 2012, the Petition would be untimely.

felony enhancements.  See Petition at 15; People v. Garcia, 28 Cal. App. 5th 961, 971 (2018) (discussing same).  The amendments apply retroactively to all cases not final on the effective date.  People v. Dearborne, 34 Cal. App. 5th 250, 268 (2019). Finally, petitioner cites Assembly Bill 1618 (eff. Jan. 1, 2020, enacting California Penal Code section 1016.8), which provides in relevant part:

> A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent. . . .  A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy.

See Petition at 17-18; Cal. Penal Code § 1016.8.

Petitioner has not cited any federal authority, let alone United State Supreme Court authority, holding that the state law provisions at issue apply retroactively on collateral review.  See, e.g., Davis v. Montgomery, 2019 WL 8227448, at *3 (C.D. Cal. Dec. 16, 2019) (finding petitioner was not entitled to a later statute of limitations accrual date based on Senate Bill enactments), report and recommendation adopted, 2020 WL 1274216 (C.D. Cal. Mar. 16, 2020).  The changes in California law do not entitle petitioner to a later start date for the federal statute of limitations under Section 2244(d)(1)(C).

Subsection D of 28 U.S.C. § 2244(d)(1) also does not afford petitioner a later accrual date for the statute of limitations.  Under Section 2244(d)(1)(D), the statute of limitations commences when a petitioner knows, or through the exercise of due diligence could discover, the *factual* predicate of his claims, not when a petitioner learns the legal significance of those facts.  See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); see also Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir.

2003).  Here, petitioner's claims arise from facts which he knew or should have known no later than the date he was subjected to an enhanced sentence in the 2011 Case – before the judgment in such case became final.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period.  Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 564 U.S. 1019 (2011).  The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that interval.  Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted). Here, the record does not reflect that petitioner is entitled statutory tolling sufficient to render the Petition timely.  Petitioner did not file his first state petition until May 24, 2013 – 275 days after the one-year statute of limitations began to run on August 22, 2012.  Assuming for purposes of analysis that petitioner is entitled to statutory tolling from the date he filed his first state petition on May 24, 2013, to July 9, 2014, the date the California Supreme Court denied his third state petition (the last petition in the first round of state petitions), the statute of limitations expired 90 (i.e., 365-275) days later on October 7, 2014.  Although petitioner filed the Prior Federal Petition in the interim, he is not entitled to statutory tolling during the pendency of such Prior Federal Petition.  See Duncan v. Walker, 533 U.S. 167, 181-82 (2001).  Similarly, petitioner is not entitled to statutory tolling during the pendency of his late-filed second round of state habeas petitions.  See Ferguson v. Palmateer, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

///

1   In addition to statutory tolling, the limitations period may also be subject to
2   equitable tolling if petitioner can demonstrate both that:  (1) he has been pursuing
3   his rights diligently; and (2) some extraordinary circumstance stood in his way.
4   Holland v. Florida, 560 U.S. 631, 649 (2010).  It is a petitioner's burden to
5   demonstrate that he is entitled to equitable tolling.  Miranda v. Castro, 292 F.3d
6   1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002).  It does not appear from
7   the Petition or the current record that petitioner has met his burden to demonstrate
8   that he is entitled to tolling sufficient to render the Petition timely.

9   Finally, in rare and extraordinary cases, a plea of actual innocence can serve
10  as a gateway through which a petitioner may pass to overcome the statute of
11  limitations otherwise applicable to federal habeas petitions.  McQuiggin v. Perkins,
12  569 U.S. 383, 386 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir.
13  2011) (en banc).  "[A] petitioner does not meet the threshold requirement unless he
14  [or she] persuades the district court that, in light of the new evidence, no juror,
15  acting reasonably, would have voted to find him [or her] guilty beyond a reasonable
16  doubt."  Perkins, 569 U.S. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329
17  (1995)).

18  In order to make a credible claim of actual innocence, a petitioner must
19  "support his allegations of constitutional error with new reliable evidence – whether
20  it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical
21  physical evidence – that was not presented at trial."  Schlup, 513 U.S. at 324.  The
22  habeas court then "consider[s] all the evidence, old and new, incriminating and
23  exculpatory, admissible at trial or not."  Lee, 653 F.3d at 938 (internal quotations
24  omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court
25  "must make a 'probabilistic determination about what reasonable, properly
26  instructed jurors would do.'"  House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at
27  329). Unexplained or unjustified delay in presenting new evidence is a "factor in
28  determining whether actual innocence has been reliably shown."  Perkins, 569 U.S.

12

at 387, 399; <u>Schlup</u>, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence].").   Here, petitioner does not raise a claim of actual innocence and has thus far failed to identify any such "newly discovered evidence," let alone, provide new, reliable evidence to cast doubt on his conviction so as to permit the Court to consider his apparently otherwise time-barred claims.

### D.    The Claims Alleged in the Petition Are Not Cognizable

To the extent petitioner challenges:  (1) the trial court's failure (a) to exercise its discretion under Senate Bill 1393 to strike the five-year sentence that was imposed for the prior serious felony conviction finding (Cal. Penal Code § 667(a)(1)), despite the fact that his conviction was final prior to the effective date (<u>People v. Dearborne</u>, 34 Cal. App. 5th at 268); or (b) to strike under Senate Bill 136 the one-year sentence that was imposed for the prior prison term (Cal. Penal Code § 667.5(B)); or (2) the validity of his plea in the 2006 Case as used to enhance his sentence in the 2011 Case under Assembly Bill 1618 (Cal. Penal Code § 1016.8), because he assertedly was not advised of the potential collateral consequences to entering the plea, his claims are not cognizable.

Petitioner's challenges to the state courts' failure to strike his sentence enhancements under newly-enacted California law involve the application and/or interpretation of state law and consequently are not cognizable on federal habeas review.  See <u>Waddington v. Sarausad</u>, 555 U.S. 179, 192 n.5 (2009) ("we have repeatedly held that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (quoting <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991)); <u>see also</u> <u>Rivera v. Illinois</u>, 556 U.S. 148, 158 (2009) ("[A] mere error of state law. . . is not a denial of due process") (quoting <u>Engle v. Isaac</u>, 456 U.S. 107, 121, n.21 (1982)); <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct

13

1   appeal of the challenged conviction, binds a federal court sitting in habeas corpus")

2 (citations omitted); <u>Sturm v. California Youth Authority</u>, 395 F.2d 446, 448 (9th

3 Cir. 1967) ("[A] state court's interpretation of its [sentencing] statute does not raise

4 a federal question."), <u>cert. denied</u>, 395 U.S. 947 (1969); 28 U.S.C. § 2254(a)

5 (federal court may entertain petition for writ of habeas corpus on "behalf of a

6 person in custody pursuant to the judgment of a State court only on the ground that

7 he is in custody in violation of the Constitution or laws or treaties of the United

8 States"); <u>see also</u> <u>Burchett v. Martel</u>, 2020 WL 1847131, *1-*2 (C.D. Cal. Mar. 11,

9 2020) (petitioner's claim that he is entitled to resentencing under Senate Bill 1393

10 was not cognizable on federal habeas review), <u>report and recommendation adopted</u>,

11 2020 WL 1820518 (C.D. Cal. Apr. 10, 2020).

12        Petitioner's claim based on the asserted failure to advise him of potential

13 collateral consequences to entering his plea in the 2006 Case is also not cognizable.

14 Petitioner knew of and could have raised challenges based on the alleged failure to

15 advise him of any collateral consequences in entering his plea in the 2006 Case on

16 appeal of the 2011 Case, and certainly prior to enactment of Assembly Bill 1618.

17 In any event, courts are not required to inform a defendant of such collateral

18 consequences of a guilty plea. <u>See</u> <u>Torrey v. Estelle</u>, 842 F.2d 234, 235 (9th Cir.

19 1998); <u>see also</u> <u>People v. Crosby</u>, 3 Cal. App. 4th 1352, 1354-55 (1992) (the

20 possibility of an enhanced sentence in a future case is a collateral  consequence of

21 which a defendant need not be advised for a valid guilty plea).  A defendant's

22 ignorance of collateral consequences does not deprive a guilty plea of its voluntary

23 character.  <u>United States v. Brownlie</u>, 915 F.2d 527, 528 (9th Cir. 1990).  Any claim

24 based on Assembly Bill 1618 involves only the application of state sentencing law

25 an thus does not give rise to a federal question.

26        The mere invocation of the Constitution is insufficient to convert a claim

27 based on state law into a federal one.  <u>See</u> <u>Langford v. Day</u>, 110 F.3d 1380, 1389

28 (9th Cir. 1996) ("[A claimant] may not, however, transform a state-law issue into a

federal one merely by asserting a violation of due process."), <u>cert. denied</u>, 522 U.S. 881 (1997).  On the present record, petitioner's general allegations that he may be entitled to resentencing under the foregoing authorities fall far short of stating a federal constitutional claim.

## IV.   CONCLUSION AND ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE by not later than **October 8, 2021** why this action should not be dismissed on the foregoing bases. Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal.  However, petitioner is advised that any dismissed claims may later be subject to dismissal with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of this action based upon the deficiencies in the Petition identified above, petitioner's**

///
///
///
///
///
///
///
///

**failure to comply with the Court's order, and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.[6]

DATED:  September 8, 2021

_____/s/_____

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[6]The Court's determinations and order herein constitute non-dispositive rulings on pretrial matters.  To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days.  See Local Rule 72-2.1.  To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days.  A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.